**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PATRICIA VERONESE,

                              Plaintiff,

           - v -                                  Civ. No. 1:16-CV-0640 (GLS/DJS)

JUAN REVERA,

                              Defendant.

**APPEARANCES:**                          **OF COUNSEL:**

PATRICIA VERONESE
Plaintiff, *Pro Se*
84 Vliet Street, Apt. # 1-R
Cohoes, New York 12047

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Patricia Veronese. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, dated September 13, 2016, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

#### A. Pleading Requirements

28 U.S.C. § 1915(e) directs that when a person proceeds IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed further with her action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked

assertions devoid of further factual enhancement" will not suffice. *Id.* (alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Plaintiff's Complaint

Although in drafting her Complaint, Plaintiff utilizes the *pro se* form provided by the Clerk's office for commencement of a civil rights action under 42 U.S.C. 1983, it is evident from the body of the Complaint that this case was intended to be an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and possibly a claim under the New York Human Rights Law ("NYHRL"), N.Y. EXEC. LAW, § 290 *et seq*.

Plaintiff alleges that on July 24, 2015, her manager at the Walmart located in Latham, New York, approached and propositioned her. Compl. at ¶ 4. In particular she alleges that her manager, Defendant Juan Revera, told her that they should go out on a date and that if she "gave [him] what [he] want[ed] tonight" she would get a better position at Walmart the next day. *Id*. She turned down the manager's proposition and reported the conduct to "Linda" at the personnel department at Walmart. Plaintiff claims that her report was not accepted; instead she was told by Linda to keep her mouth shut and not to be a snitch, and, moreover, that she (Linda) had told Juan to ask Plaintiff on a date as he reported his interest in the Plaintiff to her. *Id*. Based upon the conduct of the manager, and the lack of response by Linda at the personnel department, Plaintiff turned in her name tag and left the position. *Id*. She seeks lost wages from July 24, 2015 to the present, together with a sum for pain and suffering, and demands that Mr. Revera be relieved of his job at Walmart. *Id*. at ¶ 5.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e–2(a)(1). To state a claim under Title VII, a plaintiff must plead a discrimination claim "that is facially plausible and . . . give[s] fair notice to the defendants of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. at 678. A plaintiff asserting a discrimination claim under Title VII must file a timely complaint with the EEOC and obtain a right-to-sue letter before proceeding in federal court. *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994) (citing 42 U.S.C. §§ 2000e–5(e) and (f)); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("[A Title VII] claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter."); *Watson v. Paulson*, 578 F. Supp. 2d 554, 562 (S.D.N.Y. 2008). After receiving a right-to-sue letter, a Title VII claimant has ninety days to commence his or her suit in federal court. *Cornwell v. Robinson*, 23 F.3d at 706 (citing 42 U.S.C. § 2000e–5(f)(1)).

Absent from Plaintiff's *pro se* Complaint is any allegation that she filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights, or the Equal Employment Opportunity Commission ("EEOC") regarding the discriminatory acts that allegedly occurred at her job at Walmart on or about July 24, 2015. *See* Compl. Nor is any right-to-sue letter attached to, or referenced in, the Complaint. *Id.* In this regard, Plaintiff has not satisfied

the statutory prerequisite to bringing a Title VII action.[1] *See Grey v. Promenade Rehabilitation and Care Ctr.*, 145 F. App'x 705, 706 (2d Cir. 2005). Equally problematic is the fact that Plaintiff has named Mr. Revera, an individual, as the sole Defendant in this action. Yet, it is well-settled in this Circuit that individuals are not liable under Title VII. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995); *see also Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (*per curiam*).

In light of the affirmities identified as plaguing this Complaint, the Court recommends *sua sponte* dismissal of the Complaint without prejudice to allow Plaintiff the opportunity to amend and cure the cited deficiencies. *See, e.g.*, *Grey v. Promenade Rehab. & Care Ctr.*, 145 F. App'x 705 (2d Cir. 2005).

Notwithstanding the recommendation of the federal basis for this action, in liberally construing the Complaint, it appears that Plaintiff is seeking to bring a claim for employment discrimination in violation of NYHRL.[2] Compl. at ¶ 4. However, should the federal claims be dismissed as improperly brought, this Court will only have jurisdiction over claims brought under NYHRL if Plaintiff can establish diversity jurisdiction. Diversity jurisdiction is proper where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, the Court does not have diversity jurisdiction because Plaintiff and Defendants are citizens of the same state. Compl. at ¶¶ 2-3. Thus, in the event Plaintiff's federal claims are dismissed, the only basis for this Court to entertain the Plaintiff's state law claims

---

[1] The Court notes that this statutory prerequisite is not jurisdictional and is subject to waiver. *Francis v. City of New York*, 235 F.3d 763, 768-69 (2d Cir. 2000) (quoting *Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist.*, 180 F.3d 468, 474 (2d Cir. 1999)).

[2] Unlike Title VII, individuals, *i.e.* a manager or supervisor, may be individually liable for participating in discriminatory conduct if he has "power to do more than carry out personnel decisions made by others" or under some other theory such as aiding and abetting. *Philip v. Gtech Corp.*, 2016 WL 3959729, at *12 & n.16 (S.D.N.Y. July 20, 2016) (quoting *Townsend v. Benjamin Enter., Inc.*, 679 F.3d 41, 57 (2d Cir. 2012), and further citing *Tolbert v. Smith*, 790 F.3d 427, 434 n.3 (2d Cir. 2015)).

are pursuant to the Court's supplemental jurisdiction. In the event Plaintiff's federal claims do not survive, however, I recommend, in the absence of diversity jurisdiction, that the Court not exercise its supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (permitting a district court to decline supplemental jurisdiction where the "district court has dismissed all claims over which it has original jurisdiction"); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (stating that district court has discretion to decline to exercise supplemental jurisdiction over state law claims where all claims over which the federal court has original jurisdiction have been dismissed).

## II. CONCLUSION

As explained above, the Court finds that Plaintiff's Complaint cannot stand in its current state and is subject to dismissal. In light of her *pro se* status, the Court recommends that prior to outright dismissal, Plaintiff be afforded an opportunity to amend her Complaint. Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance.

Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual/entity that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that her rights were violated by more than one Defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v)

the nexus between such misconduct and Plaintiff's rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant named in such complaint; **any Defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that she wishes this Court to consider as a basis for awarding Plaintiff relief herein; her failure to file such a pleading may result in dismissal of this action**. Any amended complaint submitted by Plaintiff must set forth all of the claims she intends to assert against the Defendants and must demonstrate that a case or controversy exists between the Plaintiff and the Defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named Defendants violated some other federal or state law, she should specifically make reference to such laws.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted; however, it is further

**RECOMMENDED**, that in light of her *pro se* status, prior to outright dismissal, Plaintiff should be afforded an opportunity to amend her Complaint in order to state valid claims upon which she has a right to pursue. Should the District Judge adopt this recommendation, a blank *pro forma* Title VII complaint should be mailed to Plaintiff by the Clerk of the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report–Recommendation on Plaintiff. Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); FED. R. CIV. P. 72 & 6(a).

Date: September 13, 2016
 Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge